[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13633

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARAMCHAND DOOBAY,
a.k.a. Raj Doobay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cr-00122-TJC-MCR-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Karamchand Doobay appeals pro se the district court's denial of his motion for compassionate release. Meanwhile, the government asks us to summarily affirm that decision. Seeing no substantial question about the correctness of the district court's decision, we grant the government's motion for summary affirmance.

Doobay pleaded guilty to two counts of conspiracy to commit wire fraud and, in 2018, was sentenced to 151 months' imprisonment. Near the start of the Covid-19 pandemic, he moved for compassionate release, citing the increased health risks posed by his medical conditions during the pandemic as an "extraordinary and compelling" reason for his release. 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied the motion. It held that the reasons Doobay had given for release were not extraordinary and compelling and that the sentencing factors in 18 U.S.C. § 3553(a) advised against ending his prison term early. *See id.* § 3582(c)(1)(A).

Undaunted, Doobay renewed his compassionate-release motion. He again argued that, because of the pandemic, his medical conditions (specifically, his asthma and hypertension) created a health risk that qualified as an extraordinary and compelling reason to release him. He acknowledged that the district court had already rejected that argument. But he

contended that a recent unpublished decision from this Court established that these "risk-factors" warranted his release. In the alternative, he asserted that the district court should order his release because "material misrepresentations" by his counsel had effectively denied him his right to appeal. He also asked the court to reassess the sentencing factors.

The district court denied the motion. It concluded that Doobay had once again failed to show that "extraordinary and compelling reasons" warranted releasing him. See id. § 3582(c)(1)(A)(i). Under published precedent from this Court, it explained, the circumstances given for release must be "extraordinary and compelling" as defined in the applicable policy statement from the Sentencing Commission, § 1B1.13 of the Sentencing Guidelines, and neither circumstance he cited met that definition. See United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021); U.S. Sentencing Guidelines § 1B1.13 & cmt. n.1 (Nov. 2018). The court also noted that Doobay's reliance on the unpublished opinion was "misplaced," and that the sentencing factors continued to counsel against his release.

This appeal followed, and the government moved for summary affirmance of the district court's order. Summary affirmance is warranted when one of the parties is so "clearly right as a matter of law" that "there can be no substantial question as to the outcome of the case." Groendyke Transp., Inc. v. Davis, 406

4                    Opinion of the Court                    21-13633

F.2d 1158, 1162 (5th Cir. 1969).[1]  And no substantial question exists as to the proper outcome here; Doobay has not shown any "extraordinary and compelling" reason to release him, as defined in the applicable policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 cmt. n.1.    We therefore **GRANT** the government's motion for summary affirmance and **DENY** any remaining motions pending in this appeal as moot.

---

[1] This Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).